HARRIET A. MORBERG, ADMINISTRATRIX, ETC., PLAIN-
TIFF, v. MORRIS & COMPANY, ET AL., DEFEND-
ANTS.

Submitted January 25, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and BODINE.

For the plaintiff, *Charles S. Van Auken* and *Addison P.
Rosenkrans.*

For the defendants, *Wayne Dumont* and *William V. Rosen-
krans.*

PER CURIAM.

The plaintiff's intestate was killed by a Ford coupe of the
defendant, driven by the defendant's servant, running into
him on the main street of Bloomingdale at night as he was
crossing the street. The plaintiff has a verdict of $10,000,
which is attacked as against the weight of evidence and as
excessive. We are unable to see any merit in either of these
points, and confess to some surprise that the rule should have
been granted at all. The time was about seven-thirty at night,
the weather clear, and the street that decedent was crossing,
was sufficiently lit to make everything visible. The deceased,
though not on a crosswalk, had reached the middle of the street
headed for a street leading to his home and, as we read the
evidence, was simply run down by the defendant's coupe,

which threw him up in the air, landing on his head, and killed him. The fact that the left headlight of the coupe was smashed indicates that the deceased was a short step from safety. The testimony of the driver simply is to the effect that he was keeping a good lookout and that the deceased suddenly appeared from nowhere, and that he had no time to do anything. This testimony fails to impress us as particularly worthy of consideration, and we have no hesitation in saying that the verdict was not against the weight of evidence.

As to the damages; the deceased was a man of forty-seven years old, working in a silk factory as a weaver, and earning about $42 a week, with which he supported his wife and himself. It is plain that a very substantial pecuniary injury has been sustained by the wife as next of kin, and we consider the verdict, under the circumstances, well within the bounds of moderation.

The rule to show cause will be discharged.